# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESEE
# NASHVILLE DIVISION

| | |
|---|---|
| KIZZY STARNES, on behalf of herself and all other similarly situated individuals, | Case No. |
| Plaintiff, | Complaint filed: March 8, 2023 |
| vs. | (Complaint filed in Williamson County Circuit Court, Case No. 23-CV-113) |
| UNITED COLLECTION BUREAU, INC. | |
| Defendant. | |

## NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331 AND 1446

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE:

Pursuant to 28 U.S.C. § 1331 and 1446, PLEASE TAKE NOTICE that Defendant UNITED COLLECTION BUREAU, INC. ("UCB") hereby removes Docket 23-CV-113 filed in Circuit Court of Williamson County, Tennessee, to the United States District Court for the Middle District of Tennessee. As grounds for removal, Defendant states as follows:

### PLEADINGS, PROCESS AND ORDERS

1. On or about March 8, 2023, Plaintiff Kizzy Starnes, on behalf of herself and all others similarly situated, filed the action entitled *Kizzy Starnes, on behalf of herself and all other similarly situated individuals v. United Collection Bureau*, Case No. 23-CV-00113 ("Compl." or "State Court Action") in the Circuit Court of Williamson County, Tennessee.

2. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process and pleadings served upon UCB in the State Court Action are attached to this notice collectively as Exhibit A.

3. Plaintiff alleges that she and the members of the putative class she purports to represent "received similar debt collection letters from Defendant via a third party vendor

1

concerning debts incurred primarily for personal, household or family purposes within one year prior to the filing of this Complaint" and "were residing within the [sic] Tennessee." Compl. ¶ 11, Ex. A.

4. On April 20, 2023, Plaintiff served UCB with a copy of the Summons and Complaint.

5. A notice of removal must generally be filed with the Federal Court within thirty days after receipt by the defendant of a copy of the initial pleading. See 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Where the last day of a period during which a pleading may be filed falls on a Saturday, however, the time to file is extended until the end of the next day that is not a holiday, Saturday or Sunday. *Federal Rule of Civil Procedure* 6(a)(3). As May 20, 2023 fell on Saturday, the deadline for filing this notice extended until Monday, May 22, 2023. UCB filed this notice on or before May 22, 2023. This notice is therefore timely.

6. UCB may remove to the appropriate district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The Circuit Court of Williamson County, Tennessee, is located within the Middle District of Tennessee, Nashville Division. 28 U.S.C. § 123. This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

7. This action is not an action described in 28 U.S.C. § 1445.

8. As required by 28 U.S.C. § 1446(d), UCB will promptly give written notice of this Notice of Removal to Plaintiff. As also required by the statute, UCB is simultaneously filing with the State Court a Notice of Filing and a copy of this Notice of Removal, a copy of which Notice of Filing is attached hereto as Exhibit B.

2

9. This Notice of Removal is being served per the Certificate of Service.

## ALLEGATIONS IN THE COMPLAINT

10. The claims which are the subject of the State Court Action arise out of Collection Letters sent from UCB via a third party vendor concerning debts incurred primarily for personal, household or family purposes within one year prior to the filing of the Complaint. Plaintiff alleges that the Collection Letters "disclosed [consumers']] personal information to a third party in violation of [15 U.S.C. §1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA")]…, including that Plaintiff owed a medical debt" Compl. ¶ 10, Ex. A.

11. As alleged in the Complaint, Plaintiff seeks to represent a class consisting of "[a]ll consumers residing within the [sic] Tennessee that have received a letter from Defendant via a third-party vendor concerning debts used primarily for personal, household, or family purposes, within one year prior to the filing of this Complaint." Compl. ¶ 12, Ex. A.

12. Plaintiff seeks statutory damages pursuant to the FDCPA, injunctive relief stopping UCB from the use of third-party vendors, award costs and reasonable attorneys' fees. Compl., Wherefore Section ¶ B - D, Ex. A.

13. UCB disputes Plaintiff's allegations, believes the Complaint lacks merit, denies that Plaintiff or the putative class have been harmed in any way, and denies that Plaintiff or the putative class are entitled to any relief.

## BASIS FOR REMOVAL

### Federal Question

14. Plaintiff's alleged violations of 15 U.S.C. § 1692c(b) the FDCPA, set forth as Count I of the Complaint establish that a substantial federal question exists. Compl., Count I, ¶ 28-29.

15. Because Plaintiff's action arises under a federal statute, the FDCPA, jurisdiction is proper in this Court under express authorization pursuant to 15 U.S.C. § 1692k(d) and under general federal jurisdiction pursuant to 28 U.S.C. § 1331. *Sandlin v. CitiMortgage, Inc.,* 2021 WL 1581771 (W.D.Tenn. Mar. 1, 2021)(citing *Brown v. Hosto & Buchan, PLLC*, 748 F.Supp.2d 847, 851 (W.D.Tenn. 2010).

16. To the extent that Plaintiff's Complaint could be construed to include state law claims, "[federal] jurisdiction extends to [Plaintiff's] state-law claims under 28 U.S.C. § 1367, as the claims derive from a 'common nucleus of operative fact.'" *Sandlin*, at *3 (as cited in *Baxter Bailey & Assocs., Inc. v. Powers & Stinson, Inc.*, No. 2:14-cv-03012-SHM-dkv, 2015 WL 12867931, at *1 (W.D. Tenn. Apr. 8, 2015) (citing 28 U.S.C. § 1367)).

## RESERVATION OF RIGHTS AND DEFENSES

17. UCB does not, by virtue of this Notice of Removal, waive any of its rights or defenses, but instead expressly reserves all such rights and defenses, including without limitation all defenses to the Complaint.

18. Pursuant to Fed. R. Civ. P. 81(c)(2)(C), UCB has seven days from the date this Notice of Removal is filed to file a response to the Complaint.

## CONCLUSION

19. Therefore, UCB hereby gives notice pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, of this removal from the Circuit Court of Davidson County, Tennessee, in the Twentieth Judicial District of Tennessee, to the United States District Court for the Middle District of Tennessee, Nashville Division.

WHEREFORE, Defendant, United Collection Bureau, Inc., respectfully requests that the instant action be removed to this Court.

This the 22nd day of May, 2023.

Respectfully Submitted,

GORDON REES SCULLY MANSUKHANI, LLP

*/s/ Pamela Bagley Webb*
Pamela Bagley Webb, BPR No. 33698
4031 Aspen Grove Drive, Suite 290
Franklin, Tennessee 37067
Tel: (615) 772-9022
pwebb@grsm.com

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing was served via first class mail this 22nd day of May 2023, on the following:

Tim O. Hinshaw
THE HENSHAW FIRM, LLC
826 Chickamauga Ave.
Rossville, GA 30741
tim@bearclawinjury.com

*Counsel for Plaintiff*

*/s/ Pamela Bagley Webb*
Pamela Bagley Webb
